[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11827

_____

D.C. Docket No. 03-02353-CV-T-17-TBM

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

PEOPLES CREDIT FIRST, LLC,
CONSUMER PREFERRED, LLC,
f.k.a. Consumer First LLC,
SHAUN OLMSTEAD,
JULIE CONNELL,

Defendants-Appellants,

versus

MARK BERNET,

Receiver-Appellee,

PRODUCT DYNAMICS, LLC,
SOHO HOLDINGS, LLC,
GENERATION HOUSING, LLC,
NU PRODUCTS, LLC,
FOUNDATION COMMERCIAL PROPERTIES, LLC,

Movants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 19, 2007)**

Before ANDERSON, MARCUS and HILL, Circuit Judges.

PER CURIAM:

Peoples Credit First, LLC (PCF), Consumer Preferred, LLC, f.k.a. Consumer First LLC (CP), Shaun Olmstead, and Julie Connell appeal the grant of summary judgment entered in favor of the Federal Trade Commission (FTC) and against defendants, jointly and severally, for permanent injunctive relief and for equitable monetary relief in the amount of $10,156,700.40, for violations of section 5(a) of the FTC Act (Act), 15 U.S.C. § 45(a). In a one-count complaint the FTC alleged that defendants engaged in false and misleading business practices constituting deceptive acts or practices in violation of the Act by representing in direct mail letters that, by paying a fee, a consumer would, or was highly likely to, receive a major credit card.

The corporate defendants and Olmstead and Connell[1] raise six arguments on appeal: (1) that the magistrate judge erred in ignoring appellants' assertion that the case was not a proper case pursuant to section 13(b) of the Act; (2) that the magistrate judge erred in entering summary judgment for appellee over competing inferences; (3) that the magistrate judge erred in awarding consumer redress; (4)

---

[1] Olmstead and Connell directed, controlled and participated in the business activities of PCF and CP.

that appellants were denied due process of law in the expansion of the receiverships; (5) that appellants were denied due process of law as a result of the asset freeze; and (6) that the magistrate judge erred in awarding compensation to the receiver from unspecific entities and by not dissolving the receivership.

We review the magistrate judge's entry of summary judgment in favor of the FTC *de novo*. *See Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005). After thorough review of the entire record, the briefs and the oral arguments of the parties, we affirm.[2]

Since 2001, PCF and CP engaged in the business of selling memberships in a buyer's club.[3] For more than two years, the two companies mailed over 10 million mail pieces to consumers throughout the United States soliciting acceptance certificates. For a $45 or a $49 advance fee, consumers were "guaranteed" approval for a PC "First Platinum card with a credit line of $5,000.00." In the mail piece, a 'platinum card' was promised eight times. Over 200,000 consumers accepted the offer and promise. Gross sales exceeded 11

---

[2] Issues (1), (3) and (5) are without merit and affirmed without discussion. Further, we have no jurisdiction to review a separate final judgment awarding fees to the receiver (Issue 6), nor do we have jurisdiction to review a claim expanding the receivership to including assets of various other corporations (Issue 4). In this opinion, we review only Issue 2, whether the magistrate judge erred in granting summary judgment in favor of the FTC.

[3] Apparently PCF and CP made a passing effort to operate as a buyer's club. During this time there were 1,082 orders for merchandise totaling $394,119.71.

million dollars.  Net proceeds equaled $10,156,700.40.

Eventually, consumer complaints began in earnest.  Evidence supports that there were an average of 200 telephone complaints per day to the two companies themselves.  The Better Business Bureau of West Florida (BBB) received 267 written complaints against PCF and 179 written complaints against CP.  The BBB also received over 20,000 telephone and internet inquiries seeking information on PCF and CP.  In addition, there are nineteen declarations in the record on appeal from consumers stating that he or she sent either the $45 or the $49 advance fee to PCF or CP because they believed they were obtaining a major credit card such as a platinum Visa or a platinum MasterCard.

Section 5(a) of the act provides in pertinent part that "deceptive acts or practices in or affecting commerce" are unlawful.  15 U.S.C. § 45(a)(1), (2).  To establish that an act or practice is deceptive, the FTC must show that (1) there was a representation or omission, (2) the representation or omission was likely to mislead consumers acting reasonably under the circumstances, and (3) the representation or omission was material.  *See FTC v. Tashman*, 318 F.3d, 1273, 1277 (11th Cir. 2003).

We agree that the undisputed evidence establishes that the appellants made material representations, express or implied, that were likely to mislead reasonable

4

consumers. The fact that the words in the mail piece are technically or literally true is not persuasive. The material implication in the entirety of the mail piece is that the consumer had been approved for and would receive a platinum credit card in the mail with a $5,000 credit limit upon payment of the $45 or $49 advance fee.

Based upon the detailed findings and thoroughly explained reasoning of the magistrate judge in his order granting summary judgment to the FTC, we affirm the judgment.

AFFIRMED.